UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JOSHUA LEGISTER,

        Plaintiff,

        v.                                                        Case No. 22-cv-1416-bhl

POLICE OFFICER SCHLEI,
POLICE OFFICER DAERING,
SGT COLLINS, and
MILWAUKEE COUNTY JAIL FACILITY,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Joshua Legister, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Legister's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Legister has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Legister has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $71.80. Legister's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Legister, his car was hit by another car that was involved in a high-speed chase. Legister asserts that he was subjected to an illegal search, but he provides no factual allegations about who searched him or his vehicle or why he or his vehicle were searched. He states that he was arrested after officers found his girlfriend's registered gun in the glovebox of her car. Legister then states that he was made to sleep on a bench in District 4 for six days while he was transported back and forth to the hospital with his hands and feet shackled. Legister also asserts that he was injured and in a lot of pain, but once he arrived at the Milwaukee County Jail, he was denied medical attention and made to sleep on the floor in a freezing cell for several days. Again, Legister offers no details about his injuries, who denied him medical care, or who failed to address his complaints about the conditions of his cell. Finally, Legister states that, after he was transferred to the House of Correction (now known as the Milwaukee County Community Reintegration Center), he "still received the same horrible treatment." He further alleges that, after his family called to complain, Sgt. Collins came to his unit, cursed him out, and escorted him to the clinic while calling him names. Legister asserts that he has been "mistreated" and "threatened" by staff at the House of Correction on a regular basis, although he includes no details about how he was being mistreated and threatened or who was mistreating and threatening him. Dkt. No. 1 at 5-8.

## THE COURT'S ANALYSIS

The Seventh Circuit has instructed that, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent

3

prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, *George* reminds district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case. *Id*. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Legister's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple sets of defendants. He purports to assert claims against Milwaukee police officers based on an alleged illegal search and seizure, claims against Milwaukee County Jail staff based on alleged denials of medical care and alleged unconstitutional conditions of confinement, and claims against House of Correction staff based on their alleged harassment and mistreatment of him. *George* instructs that such "buckshot complaints" should be "rejected." 507 F.3d at 607. The Court will give Legister an opportunity to file an amended complaint that includes only related claims, meaning that the claims must arise out of the same event or series of events and must share common questions of law and fact that apply to all Defendants named in the complaint. Unrelated claims may be pursued in separate cases.

An amended complaint must be filed on or before **March 31, 2023**. Legister is advised that the amended complaint will replace the prior complaint and must be complete in itself without

4

reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. §1915A.

Legister is reminded that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983, nor does §1983 create collective or vicarious liability. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Thus, with respect to any claim or claims Legister pursues in his amended complaint, he must identify the individual defendants and state what actions or inactions he believes violated his constitutional rights. If Legister does not know the name of an individual, he may use a John Doe placeholder. If he is allowed to proceed on a claim against a Doe defendant, he will have to use discovery to learn the defendant's name.

Finally, while Legister does not have to plead every fact supporting his claims, he must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions without supporting factual allegations are insufficient to state a claim. So, for example, it would not be enough for Legister to simply conclude that police officers illegally searched him, he must provide facts about where, when, how, and why officers searched him to enable the Court to reasonably infer that the officers violated his rights in the way Legister concludes they did. The Court will provide Legister with a blank amended complaint form.

Legister must use the form. *See* Civil L. R. 9(b). If he needs additional space, he may attach up to *five* additional pages.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Legister's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 31, 2023**, Legister may file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Legister a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Legister shall collect from his institution trust account the $278.20 balance of the filing fee by collecting monthly payments from Legister's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Legister is transferred to another institution, the transferring institution shall forward a copy of this Order along with Legister's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Legister is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Legister is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge