Et UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

JOSHUA LEGISTER,

                Plaintiff,

           v.                                      Case No. 22-cv-1416-bhl

OFFICER SCHLEI,
OFFICER DAERING,
OFFICER ZIARNIK, and
JOHN DOE OFFICERS 1 and 2,

                Defendants.

───────────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────────

Plaintiff Joshua Legister, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 2, 2023, the Court screened the complaint and gave Legister the opportunity to file and amended complaint, which he did on March 30, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Legister explains that on August 22, 2022 at about 8:42 p.m., he was waiting at a red light in his girlfriend's car when another car ran into the driver's side of the car at high speed. Legister asserts that the impact caused his car to spin several times before smacking into a light pole. Legister states he was knocked unconscious and woke up to a bystander tapping him on the shoulder and explaining to him that police had been in hot pursuit of the car that crashed into him. Dkt. No. 13 at 2-3.

Legister asserts that he slid over to the passenger side and sat there for about five minutes, at which time Defendant Officer Ziarnik approached him and asked if he needed medical help. Legister asserts that he was bleeding heavily, had a broken tooth, and had excruciating pain in his right knee and shoulder, neck, back, and left hip. Ziarnik asked Legister if he had any weapons; Legister responded no. Ziarnik then pointed to a purple firearm protruding from the center console and asked Legister what that was. According to Legister, he informed Ziarnik that he had never seen that firearm before and it did not belong to him. Legister asserts that he gave the firearm to Ziarnik and was assisted to the curb where he sat down. Legister states that his girlfriend arrived on the scene and explained to officers that the firearm was registered, belonged to her, and that Legister did not know it was in the car. Legister explains that he was arrested and that during the search, a small amount of drugs was recovered. Dkt. No. 13 at 3-4.

According to Legister, he was transported to the hospital where he was treated for his injuries, x-rays were taken, and he was prescribed muscle relaxers for a dislocated shoulder. Legister states he was then transported to the police department, district four, where he remained

2

for the next four to six days, cuffed to the wall. Legister explains that during that time, he was transported to the hospital twice per day to take his medication. Defendant Officer Schlei, John Doe Officer 1, and John Doe Officer 2 transported him to the hospital and when doing so would cuff Legister behind his back. Legister asserts that he told them that his shoulder and neck were still in severe pain from the accident—so much so that cuffing him behind his back brought tears to his eyes and made him feel faint. Legister asserts that he begged them to cuff him in the front or use two sets of handcuffs, but they refused, telling him to deal with it and to stop acting like a baby.

## THE COURT'S ANALYSIS

Although the Amended Complaint appears generally to invoke the Eighth Amendment prohibition on cruel and unusual punishment, Legister's "Argument" section suggests other basis for his claims. Legister states that he would like to pursue claims against Schlei, John Doe Officer 1, and John Doe Officer 2 for "excessive force, deliberate indifference, and State law negligence." The Court's analysis ordinarily first requires that it identify which federal Constitutional Amendment applies to the facts alleged. Legister challenges his treatment in police custody. The Fourth Amendment supplies the standard for challenges to official misconduct against person in custody that occur between the person's arrest without a warrant and his preliminary hearing where a determination of probable cause is made. *See Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007). The Fourteenth Amendment supplies the standard for the time between the initial determination of probable cause and a conviction. *Id*. Legister alleges he was arrested without a warrant, but he does not state when his preliminary hearing occurred. For purposes of screening the amended complaint, it is not necessary to determine which Amendment applies because claims under either Amendment are subject to the objectively unreasonable standard. *See id.*; *McCann v.*

3

*Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). To state a claim under that standard, a plaintiff must allege that the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann*, 909 F.3d at 886 (7th Cir. 2018) (citations omitted). Legister may proceed against Schlei and the two John Doe Officers based on allegations that, despite him telling them he was in excruciating pain, they refused to consider alternative ways to secure him while they transported him to and from the hospital. He also states a State law negligence claim based on these allegations. Because Legister does not know the names of the Doe officers, he will have to use discovery *after Schlei responds to the amended complaint and the Court enters a scheduling order* to learn their names.

Legister also indicates his desire "to proceed on a Tort action for intentional infliction of mental or emotional distress" based on being transported with his hands cuffed behind his back. This effort fails under Wisconsin state law. "Four factors must be established to prove a claim of intentional infliction of emotional distress: (1) the conduct was intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) the conduct was the cause of the person's emotional distress, and (4) the emotional distress must be extreme and disabling." *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991) (citations omitted). The Court cannot reasonably infer from the allegations that the officers "intended to cause emotional distress" when they refused to handcuff Legister in the front or use a cuff extender. While their comments that Legister should "deal with it" or "stop being a baby" may seem callous, they are not so extreme as to suggest that their refusal to accommodate Legister's request was motivated by a desire to cause him emotional distress. Nor can the Court reasonably infer that an officer

following standard procedure by cuffing a detainee behind his back during transport is "extreme and outrageous" conduct.

Finally, the Court will not allow Legister to proceed on a state law negligence claim against Ziarnik, Schlei, and Daering based on allegations that "they failed to let up on the pursuit" of a vehicle that was traveling more than 100 miles per hour with its headlights off.[1] When a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the court has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

Legister's federal claim against Schlei and the John Doe Officers is based on their response to his severe neck and shoulder pain, which will not overlap with the factual basis for a claim based on officers engaging in a high-speed chase. Nor will Legister have to prove officers negligently engaged in a high-speed chase to prevail on his federal claim. Accordingly, Legister's purported negligence claim is not "so related" to his federal claim that the Court has supplemental jurisdiction over it. If Legister wants to pursue a negligence claim against these officers, he may do so in state court.

---

[1] Legister does not expressly seek to pursue a constitutional claim based on these allegations, but for the sake of clarity, the Court notes that his allegations do not support a Fourth Amendment claim. *See Bublitz v. Cottey*, 327 F.3d 485, 489 (7th Cir. 2003) (holding that a collision with an innocent bystander does not constitute a seizure under the Fourth Amendment because officers did not "intentionally apply *any* means in an attempt to terminate the freedom of the [bystander]").

**IT IS THEREFORE ORDERED** that Officers Ziarnik and Daering are **DISMISSED** from this action because the Court does not have supplemental jurisdiction over the state law negligence claim that Legister purports to assert against them. That claim is dismissed without prejudice; Legister may pursue it in state court if he so chooses.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Milwaukee Police Officer Schlei pursuant to Federal Rule of Civil Procedure 4. Legister is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Schlei shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on May 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge