UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEGISTER,

          Plaintiff,

       v.                                      Case No. 22-cv-1416-bhl

NICHOLAS SCHLEI,

          Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff Joshua Legister, who is incarcerated at the Chippewa Valley Correctional Treatment Facility, is representing himself in this 42 U.S.C. §1983 action. Legister is proceeding on a claim that Defendant Nicholas Schlei unreasonably refused to consider alternative ways to secure him while transporting him to and from the hospital despite Legister telling him he was in excruciating pain from a shoulder injury. On January 29, 2024, Schlei moved for summary judgment. For the reasons explained below, the Court will deny Defendant's summary judgment motion.

### BACKGROUND[1]

    On August 22, 2022, Schlei and another Milwaukee Police Officer were pursuing a car driven by a person involved in an armed robbery, when the car crashed and caused a three-car accident. Legister was driving one of the cars involved in the crash. An officer approached Legister's car and observed a small handgun in the car. Legister, who is a felon, was arrested for

---

[1] On April 1, 2024, Schlei filed a motion for leave to file supplemental facts. Dkt. Nos. 39, 42. Legister responded to the supplemental facts on April 29, 2024. Dkt. No. 44. The Court will grant Schlei's motion.

possessing the firearm. Schlei was one of the arresting officers. He did not observe any injuries but asked Legister if he needed medical attention. Legister states that he said no because he was in shock and did not immediately notice any injuries. Nevertheless, Schlei and other officers transported Legister to the hospital for medical clearance. Dkt. Nos. 28, 38 at ¶¶1-11.

Legister was treated at the hospital for his injuries and prescribed muscle relaxers. He was also instructed to use Tylenol and Motrin and to rest and ice the affected area. Legister was then medically discharged and transported to District 4 for booking. Legister remained at District 4 for four days (from August 23 until August 27, 2022) before being transported to the Milwaukee County Jail. During that period, Legister was transported to the hospital multiple times to receive medication for his "whiplash type injuries." Dkt. Nos. 28, 38 at ¶¶12-14; Dkt. Nos. 42, 44 at ¶24.

Schlei denies that he transported Legister to the hospital to receive medication. He explains that, from August 23 through August 28, 2022, he did not engage in any medical runs for any arrestee, including Legister. He also asserts that on August 25 and August 26, 2022, he was not on duty. Legister insists that Schlei was one of the officers who transported him to the hospital for medication on August 24, 2022. He states that he constantly complained to Schlei that handcuffing him tightly behind his back was causing his shoulder to tear. He states that the pain was so intense that it caused him to cry and feel faint. He asserts that he begged Schlei to cuff him in the front or use two pairs of handcuffs to relieve the tension, but Schlei refused and told him to "deal with it." He asserts that he "literally cried to Officer Schlei in the hospital and he seemed to laugh and get a kick out of [him] crying[;] him and his partner were having fun." Dkt. Nos. 28, 38 at ¶¶15-21; Dkt. Nos. 42, 44 at ¶¶24, 26; see Dkt. No. 13 at 4-5.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Legister asserts that Schlei's refusal to handcuff him in the front or use two pairs of handcuffs to relieve the tension on his shoulder was objectively unreasonable given Legister's recent car accident and his insistence that he was in excruciating pain. To prevail on such a claim, Legister must show that Schlei "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [Legister's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Schlei's primary summary judgment argument is that he never transported Legister to the hospital on a medication run and therefore had no personal involvement in the alleged violation. Legister disputes Schlei's assertion. He insists that "Schlei was definitely the officer who had arrested me at the scene of the crash which is why I knew for sure he was the officer who transported me to and from the hospital on one of the above dates listed in the complaint . . . ." Dkt. No. 38 at 1. Given the dispute over Schlei's involvement in the alleged violation, Schlei is not entitled to summary judgment.

Schlei offers a number of additional arguments for the first time in his reply brief. Based on his own characterization of the facts, Schlei contends that, even if he had transported Legister to the hospital on a medication run, Legister's description of the events and Schlei's own conduct fails to rise to the level of a constitutional violation. These tardy efforts at avoiding liability fail for at least two reasons.

First, it is well settled that, "arguments raised for the first time in the reply brief are waived." *Williams v. Bd. of Educ.*, 982 F.3d 495, 507, n. 30 (7th Cir. 2020). "Reply briefs are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). This rule also serves to "prevent the nonmoving party from being sandbagged." *Reis v. Robbins*, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015). This alone dooms Schlei's reply arguments.

Second, waiver aside, Schlie's arguments do not carry the day at summary judgment. Schlei contends that Legister cannot show that Schlei's actions caused him injury or damages. This contention ignores Legister's assertions that the position of the handcuffs caused him so much pain that he was crying and felt faint. These assertions are sufficient to create a triable issue on

4

this point. Schlei also argues that Legister has not "allege[d] any physical symptoms that would need immediate attention like loss of consciousness, dehydration, dizziness, [or] nausea. . . ." But again, Legister asserts that he immediately told Schlei that he was in extreme pain and tearfully begged him to alleviate the tension on his shoulder, which had been injured in a car accident that Schlei knew about. A jury could reasonably conclude from these assertions that Schlei knew Legister was not just uncomfortable but was suffering in extreme pain that was within Schlei's power to alleviate. Finally, Schlei argues that "[h]andcuffing a person in custody behind their back is a legitimate officer safety concern and does not demonstrate that officer Schlei or any other officer acted unreasonably, let alone recklessly." Dkt. No. 40 at 4. Generally speaking, Schlei is correct, but he offers no explanation why, in the face of Legister's tearful complaints of extreme pain, an accommodation such as using two pairs of handcuffs could not be made. Perhaps if Legister were known to be violent or had previously attempted escape, Schlei's insistence that he be handcuffed tightly behind his back would be reasonable, but Schlei offers no such evidence. As such, a jury could reasonably conclude that Schlei's insistence that Legister just "deal with it" despite the availability of less painful means of securing him was objectively unreasonable. *See, e.g., Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (holding that "an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury"). For these reasons, Schlei's summary judgment motion must be denied.

      Legister's claim will proceed to trial. Given the difficulty of trying a case before a jury, including offering a coherent opening statement and closing argument, presenting and examining witnesses, and locating and introducing evidence, the Court will attempt to recruit a volunteer lawyer to represent Legister at trial. The demand for volunteer lawyers is high, but the supply is

5

Case 2:22-cv-01416-BHL   Filed 05/08/24   Page 5 of 6   Document 46

low.  Few lawyers have the time, ability, or experience to volunteer for cases such as these.  The Court encourages Legister to be patient as it makes efforts to recruit a lawyer to represent him.  The process may take some time.  The Court will promptly notify Legister in the event a lawyer volunteers to represent him.  In the meantime, the Court encourages the parties to explore whether settlement is possible.

One final note, on April 29, 2024, Legister filed a motion to produce medical records.  Dkt. No. 45.  He asks the Court to help him access copies of records in the custody of the Department of Corrections.  The Court will deny the motion because the Court does not assist parties with gathering evidence.  Legister should consult with the health services unit where he is incarcerated to learn how to access his medical records.

**IT IS THEREFORE ORDERED** that Schlei's summary judgment motion (Dkt. No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Schlei's motion for leave to file supplemental facts (Dkt. No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that Legister's motion to produce medical records (Dkt. No. 45) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge